IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Norris Allen Martin, #263177, | C/A No.: 1:13-1824-TLW-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION AND ORDER |
| Warden, Lee Correctional Institution, | |
| Respondent. | |

Petitioner Norris Allen Martin is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #34, 35]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by January 13, 2014. [Entry #36]. Petitioner filed a timely response. [Entry #42, 44, 45].

Petitioner also filed the following motions: (1) motion for preliminary injunction [Entry #29]; (2) motion for entry of default [Entry #40]; (3) motion for objection to Respondent's Final Order of Dismissal [Entry #41]; (4) motion to reconstruct record [Entry #43]; and (5) motion to compel [Entry #46].

1

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted, and Petitioner's motions be denied.

I.      Procedural Background

Petitioner was indicted by the Orangeburg County grand jury in May 1999 for (1) for murder (98-GS-38-1265), (2) criminal sexual conduct–first degree (98-GS-38-1266), and (3) criminal conspiracy (98-GS-38-1268). [Entry #35-1]. Petitioner was represented by Michael R. Culler, Esq., and pled guilty to the charges on November 9, 1999, before the Honorable James C. Williams Jr., Circuit Court Judge. *Id.* at 1, 5, 8. Judge Williams sentenced Petitioner to consecutive sentences of life without parole for murder, 30 years for criminal sexual conduct–first degree, and 5 years for criminal conspiracy. *Id.* Petitioner did not file a direct appeal of his convictions or sentences.

Almost five years later, on October 18, 2004, Petitioner filed an application for post-conviction relief ("PCR") in which he alleged ineffective assistance of counsel and lack of subject matter jurisdiction due to defective indictments, and sought a belated appeal. [Entry #35-3]. A PCR evidentiary hearing was held before the Honorable Diane S. Goodstein on June 27, 2006, at which Petitioner and his counsel, Gerald Wilson, Esq., appeared. [Entry #35-2 at 1]. On September 20, 2006, Judge Goodstein filed an order of dismissal. [*Id.*]. Petitioner timely filed a notice of appeal from the denial of PCR. [Entry #35-9]. On October 26, 2006, the South Carolina Supreme Court issued an order dismissing the appeal "[d]ue to the failure of petitioner to provide written explanation as

to why the lower court determination was improper." [Entry #35-10]. The remittitur issued on November 14, 2006. [Entry #35-11].

Petitioner filed a second PCR application on November 26, 2012, in which he alleged ineffective assistance of counsel (2012-CP-38-1599) [Entry #35-12]. The Honorable Edgar W. Dickson signed a conditional order of dismissal on April 17, 2013, finding the application was untimely and successive and giving Petitioner 20 days to explain why the application should not be dismissed as untimely and successive. [Entry #35-14]. On April 3, 2013, Petitioner filed a document captioned "Reason for Order of Dismissal Not to Become Final." [Entry #35-15]. The State submitted to the state court a proposed final order of dismissal on November 26, 2013 [Entry #35-16, #41-3]. The record does not reflect whether that final order was ultimately entered.

On June 28, 2013, Petitioner filed this federal petition for a writ of habeas corpus. [Entry #1-1 at 1].[1]

---

[1] The petition was received by the court on July 1, 2013, and docketed on July 3, 2013. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date stamp on his envelope reflects his petition was deposited in the Lee Correctional mailing system on June 28, 2013. [Entry #1-2 at 2].

II.     Discussion

    A.     Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**     Ineffective assistance of counsel for failure to file an appeal.

    Supporting Facts: "On first post-conviction applicant failure to file appeal counsel due to his negligence never file appeal. Applicant receive a letter from Joseph L. Savitz III Chief Appellate Defender that attorney never filed an appeal. September 9, 2004. And that you should file a post-conviction, I have that letter."

**Ground Two:**     Ineffective assistance of counsel.

    Supporting Facts: "Michael R. Culler Applicant Attorney doing conviction & sentence, did nothing to surpress or quash indictments. Attorney didn't represented his client properly. The written order to dismissed application with prejudice. A timely notice of appeal was filed. the South Carolina Supreme Court Order."

**Ground Three:**     Violations of 42 U.S.C. § 1983 against judges, attorneys, law enforcement invest. in Orangeburg "98-99."

    Supporting Facts: "Applicant is bringing a civil action violations of of 42 U.S.C. § 1983 against judges, attorneys, law eforcement investigators, medical and forensic witnesses, who were involved in criminal prosecution in Orangeburg County "98-99 C/A No: 5:13-693-TLW-SVH case dismissed May 23, 2013."

**Ground Four:**     "Waiting for Response on 59(e) Motion and Reply on"

    Supporting Facts: "second post-conviction which Judge didn't sign for order of dismissal. Wrote Attorney General why I shouldn't let this order to become final written March 26, 2013 file on April 3, 2013."

[Entry #1 at 5–10 (errors in original)].

B.  Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

C.  Analysis of AEDPA Bar

1.  AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[2]

---

[2] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

8

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

        2.     Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or

9

the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner was found guilty and was sentenced on November 9, 1999. [Entry #35-1 at 1, 5, 8]. At that point, Petitioner had ten days within which to file a notice of appeal, but he failed to do so. *See* Rule 203(b)(2), SCACR ("After a plea or trial resulting in conviction or a proceeding resulting in revocation of probation, a notice of appeal shall be served on all respondents within ten (10) days after the sentence is imposed."). Petitioner's conviction became final on November 19, 1999, the first non-holiday business day ten days after his sentence. Accordingly, Petitioner's one-year statute of limitations period began running on November 20, 1999, the first day following the

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

expiration of Petitioner's ten-day window of appeal.  Petitioner's federal time limitations for filing this habeas action expired on November 21, 2000, and his filing of the first PCR action on October 18, 2004, came too late to toll the expired statute of limitations. Petitioner did not file this habeas action until June 28, 2013, over twelve years after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

#### a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this Petition in no manner suggests that he diligently pursued his rights.

11

Petitioner appears to seek habeas relief, inter alia, on the ground that his attorney did not file an appeal. [Entry #1 at 6]. Even so, Petitioner has failed to demonstrate that he had been pursuing his rights diligently before he filed his first PCR application on October 18, 2004. Petitioner waited over four years to file his first PCR application, which the undersigned finds is evidence that Petitioner was not pursuing his rights diligently. Further, even if the court were to find that Petitioner should be entitled to equitable tolling for nearly five year delay between the time his sentence became final and the time he filed his first PCR application, Petitioner has provided no explanation for the subsequent six year delay that he waited to file his second PCR application and this Petition.

Petitioner's filing of successive PCR applications on October 18, 2004, and November 26, 2012, did not toll the statute of limitations. *Pace*, 544 U.S. at 417 (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not "properly filed" to entitle him to statutory tolling under §2244(d)(2)). *See also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances

12

where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

                b.        Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations.

Although Petitioner repeatedly cites to his alleged "mental abnormalities" and disabilities and his failure to have his right for an appeal [e.g., Entry #42 at 7, passim], he has not demonstrated extraordinary circumstances to satisfy *Holland*. According to his own filings, Petitioner was evaluated and found competent to stand trial [Entry #42-3 at 9–36]. To the extent that Petitioner asserts that he has a limited education or has mental health issues, he has failed to offer any evidence to support his allegations regarding his mental health. *See Cullen v. Pinholster*, --- U.S. ---, ---, 131 S.Ct. 1388, 1398 (2011) ("review under § 2254(d) (1) is limited to the record before the state court that adjudicated the claim on its merits"); *see generally Rhodes v. Senkowski*, 82 F.Supp.2d

160, 170 (S.D.N.Y.2000) (holding that petitioner must allege more than mere existence of physical or mental ailments to justify equitable tolling of one-year limitations period for habeas petitions; petitioner has burden to show that these health problems rendered him unable to pursue his legal rights during the one-year time period).

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

D.     Remaining Dispositive Motions

Petitioner filed the following dispositive motions: (1) motion for preliminary injunction [Entry #29]; and (2) motion for entry of default [Entry #40]. Because the motions for preliminary injunction and entry of default are potentially dispositive, the undersigned makes a recommendation for the district judge's consideration pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

In his motion for preliminary injunction filed on November 11, 2013, Petitioner states that he is "in jeopardy of very serious harm being done to me, as I am surrounded by murders and violent inmates on a constant daily basis." [Entry #29 at 1]. He seeks an injunction to "stop a violent act against me." *Id.* The undersigned recommends the motion for preliminary injunction [Entry #29] be denied as unavailable in a proceeding brought under 28 U.S.C. § 2254.

In his motion for entry of default filed on December 11, 2013, Petitioner asks the court to enter default against Respondent. Because Respondent timely filed a return on December 9, 2013 [Entry #35], the undersigned recommends the motion for entry of default [Entry #40] be denied.

E.     Remaining Non-dispositive Motions

Petitioner also filed the following non-dispositive motions: (1) motion for objection to Respondent's Final Order of Dismissal [Entry #41]; (2) motion to reconstruct record [Entry #43]; and (3) motion to compel [Entry #46]. The undersigned issues the following orders on these motions.

In his motion for objection to Respondent's Final Order of Dismissal filed on December 18, 2013 [Entry #41], Petitioner appears to object to the proposed final order of dismissal that the State sent to Judge Dickson for entry in Petitioner's second PCR on November 26, 2013 [Entry #35-16, #41-3]. The record does not reflect whether that final order was ultimately entered. Because this court does not have jurisdiction to entertain

the entry of the proposed order in the state PCR case, the undersigned denies Petitioner's motion for objection to Respondent's Final Order of Dismissal [Entry #41].

In his motion to reconstruct record filed on December 30, 2013 [Entry #43], Petitioner states that his second PCR attorney, Gerald Davis, Esq., stated that he would send Petitioner a copy of the transcript and return from the Attorney General's Office. *Id.* at 2. Petitioner complains that he never received the transcript and that "according to the 607 rule court reporter transcript and tapes stated in Exhibit (1) was destoryed." *Id.* (errors in original).

The applicable, 2002 version of Rule 607(i), SCACR, provided that a court reporter "shall retain the primary and backup tapes of a proceeding for a period of at least three (3) years after the date of the proceeding, and the court reporter may reuse or destroy the tapes after the expiration of that period." Rule 607(i), SCACR (2002).[4] Respondent notes that "it is likely that the tape of Petitioner's guilty plea and sentencing hearing was destroyed before Petitioner even filed his first PCR application." [Entry #35 at 14]. Respondent submits that "the tape of Petitioner's guilty plea and sentence should have been destroyed on November 9, 2002 or soon thereafter," and that "Petitioner's delay in filing any challenge to his guilty plea and sentence caused a lack of record in this case." *Id.* The undersigned denies the motion to reconstruct the record [Entry #43] as impossible.

---

4 Rule 607(i), SCACR, was subsequently amended in August 2003 to extend the required retention period to five years. *See* Rule 607(i), SCACR (2004).

In his motion to compel filed on March 6, 2014 [Entry #46], Petitioner requests the names of "all employees of Lee Correctional Institution of each individuals likely to have discoverable information along with subjects of that information." [Entry #46]. In habeas corpus cases, leave of court is required for the parties to conduct discovery. *See* Rules Governing § 2254 Cases, Rule 6(a). Any party requesting discovery in a habeas corpus action must provide reasons for the request. Rules Governing § 2254 Cases, Rule 6(b). The Supreme Court has held that "the 'broad discovery provisions' of the Federal Rules of Civil Procedure do not apply in habeas proceedings." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citing to *Harris v. Nelson*, 394 U.S. 286 (1969)). Petitioner must set forth specific allegations "show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id.* at 908–909. In his motion, Petitioner provides no information about the specific discovery he seeks. Petitioner has not set forth specific reasons indicating he may be able to demonstrate he is entitled to relief if he is allowed discovery. Therefore, the motion for discovery [Entry #46] is denied.

III.    Conclusion, Recommendation, and Order

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry #34] be granted and the petition be dismissed with prejudice. The undersigned further recommends that the court deny Petitioner's (1) motion for preliminary injunction [Entry #29]; and (2) motion for entry of default [Entry #40].

IT IS SO RECOMMENDED.

The undersigned denies Petitioner's (1) motion for objection to Respondent's Final Order of Dismissal [Entry #41]; (2) motion to reconstruct record [Entry #43]; and (3) motion to compel [Entry #46].

IT IS SO ORDERED.

*Shiva V. Hodges*

March 17, 2014                                            Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).